## Commonwealth v. Coolbaugh.

*Liquor law—Sale of cider—Intoxicating liquors—Act of March 27, 1923—Volstead Act.*

The sale of cider containing more than one-half of 1 per cent. by volume of alcohol is a violation of the Act of March 27, 1923, P. L. 34, and of the Volstead Act.

Motion for new trial and for arrest of judgment. Q. S. Bradford Co., May Sess., 1926, No. 6.

*David J. Fanning,* District Attorney, for Commonwealth.

*Lilley & Wilson,* for defendant.

SEARLE, P. J., 22nd judicial district, specially presiding, July 5, 1926.— Defendant was indicted for possessing and selling intoxicating liquor under the Act of Assembly of Pennsylvania known as the Snyder Act of March 27, 1923, P. L. 34, etc. The jury was sworn and, upon trial, defendant's counsel

Commonwealth v. Coolbaugh.

admitted that he had sold cider containing more than one-half of 1 per cent. by volume of alcohol. Defendant's counsel, however, offered to prove that the cider was not in fact intoxicating. This offer was objected to by the district attorney and the objection sustained by the court. On May 5, 1926, the jury found defendant guilty of selling intoxicating liquors and recommended the mercy of the court.

Application for new trial was made, setting forth the following reasons:

"1. The court erred in refusing the offer of defendant and rejecting the evidence proposed, which was to prove that the cider alleged to have been sold by the defendant was not intoxicating in fact."

"And now, to wit, May 5, 1926, on reading the above petition and on motion of Lilley & Wilson, attorneys for the defendant, the court grant a rule upon the Commonwealth to show cause why a new trial shall not be had. Returnable to argument court next."

Motion for arrest of judgment was also made, the following reasons being assigned:

"1. That there is no sufficient evidence of any crime in this case whatever under all of the facts, evidence and circumstances produced before the court and the jury.

"2. The facts in this case are not sufficient as a matter of law to establish, or tend to establish, in any way the guilt of the defendant of any crime known to the law.

"3. The defendant asks for a rule upon the Commonwealth to show cause in arrest of judgment accordingly."

"Now, May 5, 1926, upon the motion of the defendant by Lilley & Wilson, his attorneys, a rule is granted upon the Commonwealth to show cause why the judgment or sentence in this case shall not be arrested for the causes and reasons set forth in writing within. Returnable according to law and rule."

We are ready now to dispose of the rule for new trial and motion for arrest of judgment. The Act of Pennsylvania above cited and known as the Snyder Act, in section 2 (a), sets forth the following: "The phrase 'intoxicating liquor,' as used in this act, shall mean anything found and determined, from time to time, to be intoxicating by Act of Congress passed pursuant to, and in the enforcement of, the Constitution of the United States of America."

The Act of Congress known as the Volstead Act, passed pursuant to enforcement of the Constitution of the United States of America, provides: "That any liquor shall be deemed intoxicating which contains more than one-half per cent. of alcohol by volume."

Section 3 of the Act of Pennsylvania provides as follows: "It shall be unlawful for any person to manufacture, sell, offer for sale, barter, furnish, transport, possess, or deliver within, or import into, or export out of, this Commonwealth any intoxicating liquor for beverage purposes, except as hereinafter set forth: Provided, however, that nothing in this act shall prohibit the alcoholic contents of malt or brewed liquors from exceeding one-half of 1 per cent. during the process of manufacture only thereof: And provided, further, that it shall not be unlawful to manufacture non-intoxicating cider and fruit juices exclusively for use in the private dwelling."

Section 29 of the Volstead Act concludes with the following sentence: "The penalties provided in this act against the manufacture of liquor without a permit shall not apply to a person for manufacturing non-intoxicating cider and fruit juices exclusively for use in his home, but such cider and fruit juices shall not be sold or delivered except to persons having permits to manufacture vinegar."

The reading of this act is plain and has been confined, so far as we have been able to learn, to non-intoxicating cider manufactured exclusively for home use. We do not see how this clause of the Volstead Act can help the defendant.

"The expression of one thing is the exclusion of another."

We have been referred to two cases in the United States Court which has placed a construction upon this section of the Volstead Act. One is the case of United States v. Hill, 1 Fed. (2nd) 954, and Isner v. United States, 8 Fed. (2nd) 487.

We fail to see that these decisions control this case. Both of them refer to the manufacture of non-intoxicating cider and fruit juices exclusively for use in the home. In the case of Isner v. United States, 8 Fed. (2nd) 487, Judge Webb states in his opinion: "There is no evidence that this concoction was made for the purpose of being sold, but for home consumption, if it was ever fit to be used for such."

Had Congress desired to extend provisions respecting cider to the sale thereof, it could have said so, and we believe it would have said so.

If contention of defendant's counsel were sustained, it would be almost impossible to convict a person for selling what is known as hard cider, though it is commonly known that hard cider in its natural state is highly intoxicating. Now, under this rule, who would make the test? It would be difficult to tell when a man was intoxicated, how much should one drink, and when and how and where and who. To submit the question when is cider intoxicating to a jury would permit the jury, rather than Congress, to decide what liquor is intoxicating.

We believe our ruling at the time of trial was correct under the law, and that selling cider containing more than one-half per cent. by volume of alcohol is a violation both of the Volstead Act and of the Snyder Act, and defendant, having admitted such sale, was well convicted by the jury.

And now, to wit, July 5, 1926, rule hereinbefore granted May 5, 1926, rule to show cause why a new trial shall not be had is discharged and defendant is directed to present himself and submit to the judgment of the court, and the motion for arrest of judgment, for the reasons hereinbefore contained, is also denied.                    From R. A. Mercur, Towanda, Pa.